UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO FOSSELMAN, JR., | ) | 1:07-CV-00812 LJO NEW (DLB) HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | |
| M. S. EVANS, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On June 4, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. The petition raises the following four grounds for relief: 1) "Failure of trial court to adequately inquire into Petitioner's conflict of interest claim was an abuse of discretion violating Petitioner's 6th and 14th Amendment rights protected by the United States Constitution"; 2) "Ineffective assistance of counsel"; 3) "Petitioner's 1997 plea waiver was unconstitutional and therefore invalid and could not be used to enhance his present sentence to life"; 4) "Petitioner's present sentence of life by use of 1997 prior conviction is a violation of due process and equal protection of the United States

1  Constitution"; 5) "Ineffective assistance of appellate counsel denies Petitioner his 6th and 14th
2  amendment rights guaranteed under the United States Constitution."

## DISCUSSION

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Inappropriate Grounds for Relief

Petitioner's Grounds Three, Four and part of Five center on his 1997 conviction. However, Petitioner is serving a sentence for his 2002 convictions for carjacking and evading a peace officer. Petitioner's 1997 conviction is not open to challenge. In Lackawanna County Dist. Attorney v. Ross, 532 U.S. 394, 403-404 (2001), *citing* Daniels v. United States, 532 U.S. 374 (2001), the United States Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Grounds Three, Four, and part of Ground Five be DISMISSED from the petition for writ of habeas corpus with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

1  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.
3      Within thirty (30) days after being served with a copy, any party may file written objections
4  with the court and serve a copy on all parties. Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
6  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
7  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
8  parties are advised that failure to file objections within the specified time may waive the right to
9  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10     IT IS SO ORDERED.
11     Dated:   **June 14, 2007**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE