UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO FOSSELMAN, JR., | ) | 1:07-CV-00812 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELIEF FROM JUDGMENT |
| v. | ) | |
| | ) | [Doc. #39] |
| M. S. EVANS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 3, 2008, the undersigned issued an order denying the petition. Judgment was entered the same date. On January 12, 2009, Petitioner filed an untimely notice of appeal; the appeal was processed to the Ninth Circuit. On April 26, 2010, the Ninth Circuit denied Petitioner's request for certificate of appealability for failure to file a timely notice of appeal. Petitioner filed a petition for rehearing in the Ninth Circuit, which the Ninth Circuit construed as a motion for reconsideration. On June 29, 2010, the motion was denied. On March 21, 2011, Petitioner filed the instant motion for relief from judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Respondent filed an opposition to Petitioner's motion on May 4, 2011.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner asks that the Court reopen the time for filing an appeal. He states he was undergoing exceptional circumstances outside of his control. As noted by Respondent, Rule 60(b) is not the appropriate vehicle for relief. Because of the procedural posture of this case, Rule 4 of the Federal Rules of Appellate Procedure governs. Under Rule 4(a)(6), the Court may reopen the time to file an appeal if: 1) the Court finds that Petitioner did not receive notice of the entry of judgment within 21 days after entry; 2) the motion is filed within 180 days after judgment is entered or within 14 days after Petitioner received notice; and 3) the Court finds that no party would be prejudiced. In this case, judgment was entered on December 3, 2008. Petitioner admits he received notice "some 2 weeks later," or "after December 12, 2008." (See Pet'r's Mot. and Decl. of Pet'r attached to Mtn.) Thus, the Court finds Petitioner received notice within 21 days of the judgment. Further, Petitioner did not request that the Court reopen the time to file an appeal within the prescribed time. Consequently, Petitioner is not entitled to relief under Rule 4(a)(6). Moreover, as Respondent points out, the Court is unable to grant the relief Petitioner seeks. The Federal Rules of Appellate Procedure override Rule 60(b) of the Federal Rules of Civil Procedure. See Clark v. Lavallie, 204 F.3d 1038 (10th Cir. 2000). In any case, the Ninth Circuit has already denied Petitioner's motion for relief from judgment.

Accordingly, Petitioner's motion for relief from judgment or order is DENIED.

IT IS SO ORDERED.

**Dated:   May 11, 2011**                         /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE